### Theodore Frois v. William H. Mayfield.

The plaintiff has the right to take a non-suit at any time before the jury retires from the bar. (Paschal's Dig., Art. 1464, Note 562.)

Even after the defendant has pleaded in reconvention the plaintiff may take a non-suit, especially if the plea present no cause of action. (Paschal's Dig., Art. 3446, Note 797.)

Appeal from Karnes. The case was tried before Hon. George W. Scott, one of the district judges.

The suit was on a note. The plea in reconvention was frivolous.

*L. S. Lawhan,* for plaintiff in error.

No brief for the defendant in error has been furnished to the *Reporter.*

Latimer, J.—This suit was instituted by the appellant

against the appellee and one Roebuck upon a promissory note signed by said Roebuck and appellee.

Mayfield, who appears to have been the only real defendant in the court below, pleaded that he was only the security for Roebuck, and that he was damaged in the sum of $3,000 by the failure of the plaintiff to use diligence in the collection of the debt from Roebuck. When the case came on for trial the plaintiff offered the note in evidence, and the defendant objected to its introduction on the ground of variance. The court sustained the objection.

The plaintiff then proposed to take a non-suit. The court would not allow the non-suit, and the case proceeded, resulting in a verdict and judgment for the defendant. It is not necessary for us to determine whether the court ruled correctly or not upon the objection to the admissibility of the note in evidence.

If there was any real difficulty, it can easily be removed on another trial, and the judgment must be reversed for error in refusing the motion of the plaintiff to take a non-suit.

The judge below no doubt proceeded upon the idea that the plaintiff could not take a non-suit because the defendant had pleaded in reconvention. The proper and better practice would have been for the plaintiff to have excepted to the plea of reconvention, but he was not bound to do so. The former decisions of this court have allowed much lattitude to the plea of reconvention, but it has never been allowed to a defendant to plead damages to a suit upon his own promissory note. The plea of reconvention must aver what would be a good cause of action. (Woodward v. Rogers, 20 Tex., 178.) In the present case the plea set forth no cause of action. This being so, the plaintiff had a right to suffer a non-suit at any time before the jury retired from the box, or at least at any time before the judge had committed the case to them. (Paschal's Dig., Art. 1464.) The judgment is reversed, and the cause

REMANDED.